**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated,<br><br>                        Plaintiff,<br>v.<br><br>WATERFALL SECURITY SOLUTIONS USA INC.,<br><br>                        Defendant. | Case No.   4:25-cv-00865-JMD<br><br>Honorable District Judge Joshua M. Divine |

**JOINT PROPOSED SCHEDULING PLAN**

    Pursuant to the Court's Order Setting Rule 16 Scheduling Conference, Plaintiff Edward J. Koeller ("Plaintiff") and Defendant Waterfall Security Solutions USA Inc. ("Defendant") (collectively, "the Parties") submit the following Joint Proposed Scheduling Plan:

**1. Nature of the Case**

    ***Plaintiff's Statement***:   This is a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that he received repeated telemarketing calls from Defendant, despite never being a customer of Defendant and never consenting to receive calls from Defendant and despite his number being registered on the National Do Not Call Registry and the Missouri No-Call List for more than a decade, despite Plaintiff never providing consent, and despite Plaintiff expressly advising Defendant that the number was protected. Plaintiff brings claims on behalf of himself and the proposed nationwide classes.

    Plaintiff opposes Defendant's request to bifurcate discovery, which would unnecessarily prolong this case and result in duplicative discovery.

    Defendant's assertion that this case turns on a narrow, threshold issue—whether Plaintiff's

telephone number qualifies as "residential"—misstates both the law and the record. The TCPA's do-not-call protections extend to personal telephone numbers used for residential purposes, including cellular numbers, and whether a number is "residential" is a fact-intensive inquiry that turns on present-day use and context, not selective excerpts from unrelated prior litigation. *See, e.g.*, *Vallesillo v. Money Tree Merchant Servs. Corp.*, 2024 U.S. Dist. LEXIS 97600 (D. Neb. 2024); *Katz v. CHW Grp., Inc.*, No. 5:22-cv-5198, 2023 U.S. Dist. LEXIS 176206, at *13–14 (W.D. Ark. Sept. 29, 2023). Indeed, in prior litigation involving Plaintiff, the court denied dismissal after concluding that Plaintiff plausibly alleged his cell phone number was residential. *Koeller v. Seemplicity Sec. Inc.*, No. 4:24-cv-00528-SRC, 2024 U.S. Dist. LEXIS 205164, at *7–8 (E.D. Mo. Nov. 12, 2024).

Defendant relies on deposition testimony from a different case concerning calls made years earlier, addressing Plaintiff's phone use during an earlier period and tied to an employment role he no longer held at the time of Defendant's calls. That testimony does not reflect Plaintiff's current circumstances and has no bearing on how the number was used when Defendant placed the calls at issue here. As confirmed by Plaintiff's sworn statements, he no longer receives any employer stipend for phone use, does not serve in a role requiring work-related use of his personal phone, and uses the number for personal, residential, and household purposes. Even taken at face value, the cited testimony supports—rather than undermines—the residential nature of the line: Plaintiff personally pays the bill, the phone is part of a shared family plan, and any work-related use was infrequent.

Defendant's attempt to leverage this disputed factual issue to justify bifurcated discovery should likewise be rejected. Courts routinely deny bifurcation in TCPA class actions because individual and class discovery substantially overlap and phased discovery delays—rather than

promotes—efficient resolution. *See*, *e.g.*, *Robertson v. Mortg. Rsch. Ctr., LLC*, No. 2:24-cv-04106, 2024 U.S. Dist. LEXIS 221676, at *7 (W.D. Mo. Dec. 9, 2024). Under Defendant's proposal, the parties would conduct "individual merits" discovery, brief summary judgment, and—if summary judgment is denied—restart discovery on the same witnesses, records, and practices for class certification and classwide liability. Courts consistently recognize that this two-track process is counterproductive and inconsistent with Rule 1. *See Negrete v. Fla. Ins. Servs., Inc.*, No. 4:23-cv-00251, 2024 U.S. Dist. LEXIS 20095, at *6 (S.D. Iowa Feb. 6, 2024).

Here, discovery into who placed the calls, what dialing systems and scripts were used, what compliance policies governed the calls, how consent was handled, and what call and vendor records exist is simultaneously relevant to Plaintiff's individual claim, Defendant's asserted defenses, and Rule 23 issues such as commonality, predominance, and willfulness. As courts repeatedly observe in TCPA cases, "the distinction between class certification and merits discovery is murky at best and impossible to determine at worst." *Ahmed v. HSBC Bank USA, Nat'l Ass'n*, No. 15-2057, 2018 WL 501413, at *3 (C.D. Cal. Jan. 5, 2018).

Accordingly, Plaintiff disputes Defendant's contention that this case presents a clean, dispositive threshold issue suitable for early summary judgment and opposes Defendant's request to bifurcate discovery. Discovery should proceed in the ordinary course so the parties may develop a complete factual record relevant to liability and class certification.

***Defendant's Statement***:  This is a putative class action under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. Plaintiff alleges that he received repeated telemarketing calls from Defendant, despite his number being registered on the National Do Not Call Registry ("NDNCR"). Plaintiff brings claims on behalf of himself and a proposed nationwide class.

3

Defendant contends that the calls at issue did not violate the TCPA, because the NDNCR is restricted to residential subscribers. *See* 47 U.S.C. § 227(c)(3); *Clauss v. Legend Sec., Inc.,* 2014 WL 10007080, at *2 (S.D. Iowa 2014) (TCPA's do-not-call regulation "unambiguously applies only to residential telephone subscribers."). However, Plaintiff has admitted, under oath, in prior litigation in which he alleged nearly identical facts, that (1) he uses the cell phone number where he was contacted to call and text with his colleagues regarding work; (2) he uses that cell phone number regularly when he works from home four or more days per week; (3) he is expected by his employer to be "on call" via that cell phone number 24/7; (4) he receives a stipend from his employer to pay for that cell phone number; (4) he has a completely separately residential line; and (6) he uses that cell phone number to call his employer's digital command center or network operations center about work, as well as his company's help desk about work. *See Koeller v. Cyflare Security, Inc.*, Case No. 4:25-cv-00410-MTS, ECF 21-1 (E.D. Mo. 2025) (deposition transcript in *Koeller v. CybelAngel USA Inc.*, Case No. 4:23-cv-00319, ECF 1 (E.D. Mo. 2023)). These sworn facts establish that the cell phone number at which Plaintiff was called is not, in fact, Plaintiff's residential number and therefore is not subject to the TCPA's do-not-call provisions. Given the clear evidence that Plaintiff's claims are not well-founded, Defendant submits that discovery should be bifurcated in order to allow Defendant to bring an early motion for summary judgment on the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions, in order to avoid unnecessary expense and promote judicial economy.

Contrary to Plaintiff's suggestion, courts in TCPA cases are able to, and in fact do, bifurcate discovery when a narrow threshold issue concerning the plaintiff's claim is presented – including very recently in this District, and including on this exact issue. Contrary to Plaintiff's citation to

4

one unreported and out-of-district court, motions to bifurcate are not disfavored in the Eastern District of Missouri. *See, e.g., Genenbacher v. Lee Enterprises, Inc. d/b/a St. Louis Post Dispatch*, Case No. 4:25-cv-00084-MAL, ECF 28 (July 1, 2025) (bifurcating discovery in TCPA case, limiting the first phase of discovery to "whether the call to Plaintiff was a 'telephone solicitation' by virtue of the parties' established business relationship ('EBR') and the named Plaintiff's alleged revocation of consent."). Indeed, courts throughout the country routinely grant motions to bifurcate in TCPA cases where the viability of the named plaintiff's claim is at issue – including where, as here, there is a question as to whether the plaintiff's phone line is residential or business. *Moore v. Demand Science Grp, LLC*, 2024 WL 175743, at *1 (N.D. Ill. Jan. 4, 2024) (bifurcating discovery in TCPA case involving whether the plaintiff's cell phone was a residential or business line). [1]

Plaintiff makes the unsupported assertion that "Under Defendant's proposal, the parties would conduct 'individual merits' discovery, brief summary judgment, and—if summary judgment is denied—restart discovery on the same witnesses, records, and practices for class certification and classwide liability." This is not an accurate depiction of Defendant's proposal. If Defendant's narrow summary judgment motion fails, there will be no need to "restart" discovery on any classwide basis, because the proposed discovery only concerns how **Plaintiff Edward Koeller** uses his cell phone. Plaintiff also mischaracterizes the cases he cites. In *Robertson*, the court specifically found that "Plaintiff's claims and any potential class members' claims overlap" because "the issue of whether the messages sent were telephone solicitations is a common classwide issue." 2024 WL 5046604, at *3 (W.D. Mo. Dec. 9, 2024). Not so here, where the

---

[1] *See also Sapan v. Fin. of Am. Reverse LLC,* 2025 WL 1932935, at *3 (C.D. Cal. July 14, 2025) (bifurcating discovery in TCPA case because the merits of plaintiff's individual claim was case-dispositive); *Ragsdale v. Harmony Leads, Inc.*, 2025 WL 1617233, at *2 (D. Colo. May 9, 2025) (same); *Pavelka v. Paul Moss Ins. Agency, LLC*, 2023 WL 3728199, at *2 (N.D. Ohio May 30, 2023) (same) (collecting cases); *Osidi v. Assurance IQ, LLC*, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (same); *Katz v. Liberty Power Corp., LLC*, 2019 WL 957129, at *2 (D. Mass. Feb. 27, 2019) (same).

question of how Plaintiff uses his cell phone is clearly an individual issue pertaining only to him. Plaintiff's citation to *Negrete* is even more egregious. There, a scheduling order had been entered four months prior to the defendant filing the motion to bifurcate, and discovery was well underway – the defendant did not even file the motion to bifurcate until after plaintiff filed a motion to compel. 2024 WL 470370, at *1. In denying the motion to bifurcate, the court relied on rule 16(b) because the scheduling order had already been entered and the defendant's motion was procedurally improper "under the particular posture of this case." *Id.* at *2. Here, in contrast, a scheduling order has not been entered, and neither party has served any discovery. Certainly, there is no motion to compel pending. *Negrete* could not be more different than this case, and should be disregarded.

2. **Settlement Prospects**

The parties have not yet engaged in settlement discussions, as Plaintiff contends he must first obtain discovery to evaluate the size of the proposed class, which is necessary to meaningfully evaluate settlement.  The parties also have very different views of the merits of the claims and, consequently, the settlement value of the case.

3. **Parties Joint Proposed Discovery Plan and Schedule**

(a)     **Track Assignment:** This case is preliminarily assigned to Track 2 (Standard). However, the Parties believe this case is best suited for Track 3 (Complex) due to the class allegations and the anticipated scope of discovery.

**Plaintiff's Position:** Consistent with the Track 3 designation, Plaintiff expects the case to be resolved within 24 months of filing, with a projected trial date of **Monday, June 14, 2027**. Plaintiff proposes that all discovery be completed and dispositive motions filed by **January 8,**

**2027**.

**Defendant's Position**: The case should be given a Track 3 designation, which will allow time for discovery to be bifurcated, with the first phase focused on the narrow issue of whether the number at which Plaintiff alleges he received calls is a residential number within the scope of the TCPA. Defendant believes that this issue will be dispositive and that bifurcation along these lines will serve the interests of judicial economy. A trial date and other case management deadlines should be set if and when Defendant's motion for summary judgment is denied.

(b)   **Joinder/Amendment**: Motions to amend pleadings or join additional parties shall be filed no later than **May 14, 2026**.[2]

(c)   **Discovery Plan**

i.   **Method of Producing Electronic Discovery:** Defendant submits that discovery should be bifurcated, with the first phase limited to the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions. Because this issue is potentially case-dispositive and turns on a very limited number of facts, Defendant believes it would be most efficient to resolve this question before imposing expensive and burdensome discovery and motion practice beyond this narrow and case-dispositive subject.

For the reasons stated earlier, Plaintiff objects to Defendant's request to bifurcate discovery.

The parties agree that electronic documents shall be produced in the form of multi-page, color, bates-numbered PDF images together with load files. All Excel (or other electronic spreadsheet) files, PowerPoint (or other electronic slideshow) files, and

---

[2] Plaintiff reserves the right to amend, supplement, or modify the proposed class representatives or class definition as warranted by discovery or by any rulings issued by the Court.

photographic files, including any such files attached to emails, shall be produced in native format, if available. The following metadata shall be included in the load files to the extent the metadata is embedded in the individual electronic documents. If there are any issues with the production of these metadata fields, the parties will meet and confer and attempt to resolve them.

- DocID
- BegDocID
- EndDocID
- Document Type
- Attach DocIds
- ParentDocId
- Author
- Filename
- Date Created
- Date Modified
- Md5Hash
- DateSent
- TimeSent
- Subject
- To
- From
- CC
- BCC
- File Source Location/File Path
- Native Link
- Text Path

Non-electronic documents shall be produced as multi-page, color, bates-numbered PDF images together with load files, and only the following metadata fields: DocID, BegDocID, and EndDocID fields.

The parties have agreed to meet and confer on a proposed ESI order and anticipate filing a stipulated ESI protocol order for the Court's consideration and approval by **January 28, 2026.**

ii. **Privilege and Protective Order**: The Parties anticipate the need for claims of privilege or a protective order and will submit a proposed order to the Court by **January 28, 2026**.

iii. **Initial Disclosures**: The Parties shall make their initial disclosures as required pursuant to Fed. R. Civ. P. 26(a)(1) by **January 28, 2026**.

8

 iv. **Phased or Limited Discovery**:

  **Plaintiff's Position:** Plaintiff opposes Defendant's request to bifurcate discovery and believes discovery should proceed in the ordinary course, without phased, or issue-limited discovery.

  **Defendant's Position:** Defendant submits that discovery should be phased, with the first phase limited to the narrow and case-dispositive issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions, as explained above. Defendant submits that the Court should set a schedule for only the first phase of discovery at this time, with further deadlines to be scheduled only if Defendant's motion for summary judgment is denied.

 v. **Expert Disclosures:**

  **Plaintiff's Position:**

- Proponent by **July 9, 2026**;
- Respondent by **August 20, 2026;**
- Completion of all expert Depositions by **January 8, 2027.**

  **Defendant's Position:**

Defendant contends that experts will not be needed for the first phase of discovery (limited to the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions). Expert disclosure deadlines should be set at a later date, if and when Defendant's anticipated motion for summary judgment is denied.

 vi. **Discovery Limits**: 10 depositions per side pursuant to Rule 30(a)(2)(A); 25 interrogatories per party pursuant to Rule 33(a);

 vii. No anticipated physical/mental examinations under Rule 35.

 viii. **Close of All Discovery**:

  **Plaintiff's Position:** All discovery to be completed by **January 8, 2027.**

  **Defendant's Position:** Discovery relating to the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions to be completed by **March 31, 2026.** Further deadlines should be set only if and when Defendant's anticipated motion for summary judgment is denied.

 ix. **Motions to Compel Deadline:**

  **Plaintiff's Position:** Because Plaintiff opposes bifurcated or phased discovery, Plaintiff proposes that any motions to compel be governed by the Court's standard scheduling order and applicable local rules, with a single motions-to-compel deadline applicable to all discovery.

  **Defendant's Position:** Any Motions to Compel relating to the first phase of discovery shall be filed by **March 16, 2026** given that the parties agree that experts relating to the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions will not be required.

 x. **Any other matters:** None.

(d) **Alternative Dispute Resolution**: The Parties do not believe that mediation would be productive at this time.

(e) **Dispositive/Summary Judgment Motions**:

  **Plaintiff's Position:** Plaintiff proposes a filing deadline of **January 8, 2027**, consistent with the Track 3 schedule.

  **Defendant's Position:** Summary Judgment motions relating to the narrow issue of

10

whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions will be filed on or before **April 21, 2026**. Further deadlines should be set only if and when Defendant's anticipated motion for summary judgment is denied.

(f) **Expected Trial Readiness**:

**Plaintiff's Position:** In accordance with the Track 3 schedule, Plaintiff proposes a projected trial date of **Monday, June 14, 2027**.

**Defendant's Position**: A trial date should be set if and when Defendant's motion for summary judgment, based on the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions, is denied.

(g) **Expected Trial Length:**

**Plaintiff's Position:** Plaintiff anticipates a 2–3 day jury trial. If the case is certified as a class action, trial is expected to last approximately 5–6 days. If the jury finds facts establishing liability, Plaintiff anticipates a 1-day bench trial on knowledge and willfulness.

**Defendant's Position:** The length of trial will depend on whether a class is certified and the nature of the class. Defendant believes that the question of whether a class member's cellular phone number is "residential" will be individualized and that it could take a great deal of time to present evidence as to whether each class member's cellular phone number is "residential." Whether each putative class member consented to the calls will be subject to similarly individualized evidence. As a result, Defendant believes that trial of a certified class action in this

matter could take more than 4 weeks.

(h) **Class Certification Motion:**

**Plaintiff's Position:** Plaintiff anticipates filing a motion for class certification. Plaintiff proposes the following schedule for Plaintiff's motion for class certification which contemplates class expert disclosures to run concurrently with briefing.

- Motions for class certification and Plaintiff's disclosure of class certification expert reports/summaries by **July 9, 2026**.

- Opposition to class certification and Defendant's disclosure of class certification expert reports/summaries **August 20, 2026**.

- Reply brief in support of motion for class certification **September 10, 2026**.

- Deadlines for filing *Daubert* motions for class certification experts: Motions by **October 8, 2026**; Oppositions by **October 22, 2026**.

**Defendant's Position:** Because Defendant believes that the evidence regarding the fact that Plaintiff's cellular telephone number is not a "residential number" is clear, and because resolving that issue early will avoid unnecessary expense and waste of the Court's time, Defendant submits that its motion for summary judgment regarding the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions should be considered prior to class certification or the setting of deadlines for class certification briefing.

(i) **Other Matters**:

**Plaintiff's Position:** Plaintiff has filed this case as a class action. To avoid any concerns of "one-way intervention" or waiver of related objections, Plaintiff requests that the Court rule on the Motion for Class Certification before addressing the merits—whether by summary judgment or trial. See *Paxton v. Union Nat'l Bank*, 688 F.2d 552, 558–59 (8th Cir. 1982) ("The prejudice

12

inherent in delaying the certification determination until after trial has been thoroughly explored... [Courts] seek to prevent 'one-way intervention'—i.e., to protect defendants from putative class members who can 'opt out' of an unfavorable result but elect to be bound by a favorable one."), quoting *Stastny v. S. Bell Tel. & Tel. Co.*, 628 F.2d 267, 275 (4th Cir. 1980).

(j)     **Defendant's Position:** Because Defendant believes that the evidence regarding the fact that Plaintiff's cellular telephone number is not a "residential number" is clear, and because resolving that issue early will avoid unnecessary expense and waste of the Court's time, Defendant submits that its motion for summary judgment regarding the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions should be considered prior to class certification. Because the one-way intervention rule operates to benefit a defendant, a court may allow dispositive motion practice before class certification briefing, if a defendant supports such a sequence. "Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action. . . . The effect is to moot the question whether to certify the suit as a class action unless the lawyers for the class manage to find another representative." *Cowen v. Bank United of Texas,* FSB, 70 F. 3d 937, 941 (7th Cir. 1995). *See also Postow v. OBA Fed. Sav. and Loan Ass'n*, 627 F.2d 1370, 1382 (D.C. Cir. 1980) (cleaned up) ("[T]he strongest argument for [forbidding] post-judgment class certification is that pre-judgment certification and notice to the class are necessary to protect the defendant from future suits by potential members of the class. But that rationale disappears when the defendant himself moves for summary judgment before a decision on class certification. In such a situation, "the defendants ... assume the risk that a judgment in their favor will not protect them from subsequent suits by other potential class members, for only the slender reed of *stare decisis* stands between them and the prospective onrush

13

of litigants."); *Schwarzchild v. Tse*, 69 F.3d 293, 297 (9th Cir. 1995) (defendant may move for summary judgment prior to class certification, though the district court's decision binds only the named plaintiffs); *Katz v. Carte Blanche Corp.*, 496 F.2d 747, 759 (3d Cir. 1974) (en banc), *cert denied*, 419 U.S. 885 (1974) (when a defendant prefers to "take its chances on *stare decisis* rather than *res judicata*," the district court may grant the defendant's motion for summary judgment prior to class certification).

(k)  **Dispositive Motions:**

**Plaintiff's Position:** Plaintiff does not believe there are any case-dispositive threshold issues for the Court to rule on at this time.

**Defendant's Position:** Summary judgment motions relating to the narrow issue of whether the cellular telephone number on which Plaintiff allegedly received calls is a "residential number" for purposes of the TCPA's do-not-call provisions will be filed by **April 21 2026**.

(l)  **Disclosure Statement:** Not applicable to Plaintiff. Defendant filed **i**ts Corporate Disclosure on August 5, 2025 (Dkt. 14).

(m)  **Pro se Parties:** Not applicable to either party.

RESPECTFULLY SUBMITTED AND DATED this January 14, 2026.

| | |
|---|---|
| */s/ Cassandra P. Miller* | */s/ Darci F. Madden* |
| Cassandra P. Miller *(pro hac vice)* | Darci F. Madden, 51463MO |
| **STRAUSS BORRELLI PLLC** | **BRYAN CAVE LEIGHTON PAISNER LLP** |
| One Magnificent Mile | One Metropolitan Square |
| 980 N. Michigan Avenue, Suite 1610 | 211 North Broadway, Suite 3600 |
| Chicago, IL 60611 | St. Louis, MO 63102 |
| Telephone: (872) 263-1100 | Telephone: (314) 259-2000 |
| Facsimile: (872) 263-1109 | Facsimile: (314) 259-2020 |
| cmiller@straussborrelli.com | darci.madden@bclplaw.com |
| | |
| *Attorneys for Plaintiff* | *Attorney for Defendant* |
| *and the Proposed Class* | *Waterfall Security Solutions USA Inc.* |

14