**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| EDWARD J. KOELLER, individually and on behalf of all others similarly situated, | ) ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 4:25-cv-00865-JMD |
| v. | ) |
| | ) |
| WATERFALL  SECURITY  SOLUTIONS USA INC., | ) ) |
| | ) |
| Defendant. | ) |

**JOINT MOTION TO STAY DEADLINES PENDING MEDIATION OR, IN THE ALTERNATIVE, TO EXTEND DEADLINES TO ALLOW FOR MEDIATION**

COMES NOW, Plaintiff Edward J. Koeller ("Plaintiff") and Defendant Waterfall Security Solutions USA Inc. ("Defendant") (collectively, "the Parties"), by and through their undersigned counsel, and move the Court for an order to immediately stay all deadlines as set out in the Case Management Order in order to allow the parties to complete a mediation. Alternatively, the Parties move to extend the time for the discovery and dispositive motion deadlines by ninety (90) days in order to allow time for mediation and, if necessary, the completion of discovery that is taking longer than the parties had anticipated.  No prior requests for extension have been made.

In support of this Motion, the Parties state and allege as follows:

1.      The Parties have agreed to participate in mediation to try to fully and finally resolve all claims between them.

2.      The Parties believe that mediation has the potential to efficiently resolve this matter and conserve judicial and party resources.

3.      The Parties are currently working to select a mediator and will promptly notify the Court when they have selected a mediation date and a mediator.

4.      The Parties respectfully request that the Court stay this matter and order the Parties to submit a joint status report regarding the status of mediation by June 1, 2026. At that time, should the action proceed, the Court may set an appropriate deadline to resume the Case Management Order.

5.      In the alternative, the Parties move to extend the discovery and dispositive motion deadlines by ninety (90) days in order to complete the mediation and, if necessary, remaining discovery and the anticipated dispositive motions regarding whether Plaintiff is a "residential subscriber" under the TCPA.

6.      The case has not yet been set for trial, and the existing deadlines apply only to an initial phase of bifurcated discovery.

7.      At the scheduling conference in January, Judge Divine set a bifurcated schedule with a short period of time for discovery on the narrow threshold issue of whether plaintiff qualifies as a "residential subscriber" (as opposed to a business user) under the TCPA.

8.      The Parties have been working diligently to meet the existing deadlines.

9.      The limited discovery period is currently scheduled to close on March 31, 2026, and dispositive motions are due on April 21, 2026. Following the Parties' conference, Defendant served written discovery on Plaintiff, to which Plaintiff has now responded. Plaintiff's deposition was initially scheduled within the limited discovery deadline.

10.     One outstanding discovery issue—specifically, the examination of Plaintiff's call and text data—is expected to require substantial additional work.  This material will be relevant to Plaintiff's deposition, and it is impossible to complete the production of this material and Plaintiff's deposition by March 31, 2026.

2

11.    If the Court declines to stay the case pending mediation, the requested extension would allow the Parties to complete a mediation and, if the case does not settle as a result of the mediation, remaining discovery, including Plaintiff's deposition and outstanding data analysis, and to prepare any dispositive motions in an orderly and efficient manner, without prejudice to either Party or undue burden on the Court.

12.    Counsel for Defendant previously communicated with chambers about these scheduling concerns via electronic mail on March 18, 2026 and the Court thereafter directed the parties on March 19, 2026 to file a request to amend the schedule by motion. A week has elapsed since the Court so directed, because of difficulty defense counsel has had in communicating with Defendant.  Defendant's employee responsible for managing this litigation is located in Israel, in an area that is being impacted by the war with Iran. Communication infrastructure has been damaged and defense counsel only just obtained authorization to agree to the proposal to mediate.

WHEREFORE, the Parties jointly move this Court enter a stay in this matter and order the Parties to submit a joint status report regarding the status of mediation by June 1, 2026, or in the alternative, grant the Parties a ninety (90) day extension to complete the mediation and then, if necessary, the limited discovery and dispositive motion deadlines anticipated in the Court's existing scheduling order. The new deadlines would be June 29, 2026 for the close of discovery on the question of whether Plaintiff is a "residential subscriber" and July 20, 2026 for the deadline for dispositive motions on this issue.

RESPECTFULLY SUBMITTED AND DATED this March 27, 2026.

/s/ Cassandra P. Miller
Cassandra P. Miller
STRAUSS BORRELLI PLLC
One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Telephone: (872) 263-1100
Facsimile: (872) 263-1109
cmiller@straussborrelli.com

AND

Anthony I. Paronich
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Tel: 617-485-0018
Fax: 508-318-8100
anthony@paronichlaw.com

*Attorneys for Plaintiff and proposed class*

/s/ Darci F. Madden
Darci F. Madden, 51463MO
BRYAN CAVE LEIGHTON PAISNER LLP
One Metropolitan Square
211 North Broadway, Suite 3600
St. Louis, MO 63102
Phone: (314) 259-2000
Fax: (314) 259-2020

AND

Janessa Jean Jacques (*Pro Hac Vice Pending*)
BRYAN CAVE LEIGHTON PAISNER LLP
Two North Central Avenue
Suite 2100
Phoenix, AZ 85004-4406

*Attorneys for Defendant Waterfall Security Solutions USA Inc.*

4

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 27th day of March 2026, the foregoing was filed using the Court's CM/ECF system, which will serve notice upon all counsel of record.

/s/ Darci F. Madden

Darci F. Madden